Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Anne Marie Quinn and Steven Quinn

FILED
08 FEB 25 PM 4:11
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anne Marie Quinn and Steven Quinn,<br><br>Plaintiffs,<br><br>v.<br><br>Asset Management Company, a corporation, and Peter Fine, an individual;<br><br>Defendants. | Case No.: '08 CV 0363 W RBB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that



**COMPLAINT FOR DAMAGES**        PAGE 1

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Anne Marie Quinn ("Ann Marie") and Steven Quinn, ("Steven"), through Plaintiff's attorneys, bring this action to challenge the acts or omissions of Asset Management Company ("ASSET"), and Defendant ASSET's agent and employee, Peter Fine, ("FINE"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant ASSET's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and certain state torts.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

9. Plaintiffs are natural persons who reside in the City of La Cresenta, County of Los Angeles, State of California.

10. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

11. Plaintiff Ann Marie is a "senior citizen" as defined by Cal. Civ. Code § 1761(f).

12. Plaintiff Ann Marie is a "disabled person" as defined by Cal. Civ. Code § 1761(g).

13. Plaintiff Steven is a "disabled person" as defined by Cal. Civ. Code § 1761(g).

14. Defendant ASSET and FINE are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that term is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant ASSET and FINE, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

//

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Defendant ASSET is a company operating from the City of Corona, County of Riverside, State of California.

19. Defendant FINE is a person operating from the City of Corona, County of Riverside, State of California, and, at all relevant times, was an employee and agent of Defendant ASSET.

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff was an individual residing within the State of California.

21. At all times relevant, Defendants conducted business in the State of California.

22. Sometime before October 1, 2007, Plaintiff Steven is alleged to have incurred financial obligations.

23. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before October 1, 2007, Plaintiff Steven allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to he validity of this alleged debt.

//

26. Subsequently, but before October 1, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant ASSET for collection.

27. On or about October 1, 2007, Defendant ASSET telephoned Plaintiff Ann Marie, the mother of Plaintiff Steven, and demanded payment of an alleged debt from both Plaintiff Ann Marie and Plaintiff Steven. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a). This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. During this conversation, Defendant ASSET falsely alleged that Plaintiff Ann Marie was liable for this debt even though Defendant ASSET actually believed her son, Plaintiff Steven, had actually incurred the debt, and the alleged account was in the name of her son, Plaintiff Steven.

29. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. This action by Defendants violated 15 U.S.C. § 1692c(b), and because this communication did not comply with certain provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), and, consequently, this communication also violated Cal. Civ. Code § 1788.17.

30. This allegation was a false, deceptive, or misleading representation or means in connection with the collection of a debt and in violation of 15 U.S.C. § 1692e and § e(10), as well as Cal. Civ. Code § 1788.17.

31. Defendant ASSET failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

32. During this conversation with Plaintiff Ann Marie, Defendant ASSET asked Plaintiff Ann Marie if her son would be home the following day because her son was about to be arrested by the local police, and that if Plaintiff Ann Marie wished to stop this she needed to contact Defendant ASSET's agent, Peter Fine, at 866-441-6224, a telephone number later found to be used by Defendant ASSET.

33. This statement represented the threat to take action that Defendants could not legally take or that Defendants did not intend to take, and violated 15 U.S.C. § 1692e(5). This statement also represented a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e and § e(10). Because this action violated 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e and § e(10), it also violated Cal. Civ. Code 1788.17.

//

34. Plaintiff Ann Marie believed the representations of Defendant ASSET to her great mental and emotional distress, and this statement caused Plaintiff Ann Marie great mental anguish at the thought that her beloved son, who suffers from medically diagnosed mental illness, was about to be arrested and jailed.

35. This further caused Plaintiff Ann Marie great mental anguish because Plaintiff Ann Marie is a blind, elderly woman, 80 years of age, who needs the assistance of her son, on a daily basis, to assist Plaintiff Ann Marie with her daily health related and other needs, and Plaintiff Ann Marie feared she would now be without this assistance.

36. After Plaintiff Ann Marie heard this false, deceptive, or misleading representation or means in connection with the collection of a debt, by Defendant ASSET, Plaintiff Ann Marie became so stressed and anxious that she felt physically ill and experienced physical symptoms as though she was about to suffer a heart attack.

37. Subsequently that day, and fearful that her son was going to be arrested and jailed the next day, Plaintiff Ann Marie was able to compose herself long enough to contact Defendant FINE at 866-441-6224. When Plaintiff telephoned this number and spoke with Defendant FINE, Defendant FINE told Plaintiff Ann Marie that he was employed by Defendant ASSET, a debt collector, and that it was true that the police were looking for her son, Plaintiff Steven, and that if Plaintiff Ann Marie did not make an immediate payment her son would be arrested and jailed, the next day.

//
//
//
//
//
//

38. These statements represented the threat to take action that Defendants could not legally take or that Defendants did not intend to take, and violated 15 U.S.C. § 1692e(5). This statement also represented a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e and § e(10). Because this action violated 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e and § e(10), it also violated Cal. Civ. Code 1788.17.

39. Plaintiff Ann Marie believed Defendant FINE's statements and this, again, caused Plaintiff Ann Marie great mental and emotional distress.

40. These false, deceptive, or misleading representations or means in connection with the collection of a debt were extreme and outrageous, designed to cause pain, anguish, and fear in Plaintiff Ann Marie, and were made with malice.

41. These extreme, outrageous, and malicious statements did, in fact, cause Plaintiff Ann Marie to be injured, including, but not limited to, pain, anguish, and fear.

42. Fearful that her son was about to be arrested and jailed, Plaintiff Ann Marie asked why the police were looking for her son.

43. Defendant FINE, an agent of Defendant ASSET, stated that the police were about to arrest her son because he failed to pay a debt Defendant FINE alleged was owed by Plaintiff Ann Marie's son in an amount of $14,000.00, but that if Plaintiff Ann Marie would pay her son's debt for him, Defendant FINE could stop the police from making this arrest and prevent Plaintiff Steven's subsequent incarceration.

//
//
//
//
//

44. These statements represented the threat to take action that Defendants could not legally take or that Defendants did not intend to take, and violated 15 U.S.C. § 1692e(5). This statement also represented a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e and § e(10). Because this action violated 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e and § e(10), it also violated Cal. Civ. Code 1788.17.

45. These statements were representations or implications that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff Steven in violation of 15 U.S.C. § 1692e(4) and § e(7), and Cal. Civ. Code § 1788.17 and Cal. Civ. Code § 1788.10(b).

46. When Plaintiff Ann Marie explained that she could not pay such an amount and that she was 80 years old, blind, and lived on a fixed income, Defendant FINE feigned a conversation with someone unknown and then told Plaintiff Ann Marie that he would stop the police from arresting the son of Plaintiff Ann Marie if Plaintiff Ann Marie would pay $7,890.27 of the debt Defendant ASSET and Defendant FINE alleged her son owed.

47. Shocked and scared, Plaintiff Ann Marie asked Defendant FINE if she could make this payment in two payments, again pointing out that she was 80 years old, blind, and of limited, fixed, income.

48. Defendant FINE and Defendant ASSET refused. According to Defendant FINE, Plaintiff Ann Marie had to pay the $7,890.27 at once or her son would be arrested and jailed.

49. Plaintiff Ann Marie, believing she had no other choice, then gave Defendant ASSET and Defendant FINE her credit card number in the hope that she could stop Defendant ASSET and Defendant FINE from having her son arrested.

//

//

---

**COMPLAINT FOR DAMAGES**            **PAGE 9**

50. Defendant ASSET and Defendant FINE then falsely stated that they had contacted the bank of Plaintiff Ann Marie and that the transfer had been approved.

51. Subsequently, Plaintiff Ann Marie and Plaintiff Steven were so concerned that Plaintiff Steven was about to be arrested, Plaintiff Ann Marie and Plaintiff Steven, through their daughter and sister, respectively, contacted local law enforcement to determine the legitimacy of Defendant ASSET and Defendant FINE's outrageous statements.

52. Law enforcement told Plaintiff Ann Marie that the statements of Plaintiff Ann Marie and Plaintiff Steven were untrue, and that they would not arrest Plaintiff Steven for not paying a debt.

53. When police assured Plaintiffs that they was merely a civil matter, Plaintiff Ann Marie realized that she should have consulted someone before allowing herself to be coerced into paying this alleged debt.

54. Plaintiff Ann Marie then tried to stop payment on her credit card, but was unsuccessful.

55. Plaintiff Ann Marie then complained to her local Better Business Bureau so that other consumers would be aware of the abusive activity Plaintiff Ann Marie had just endured.

56. Subsequently, and unbeknownst to Plaintiff Ann Marie, the Better Business Bureau contacted Defendant ASSET and inquired about the debt. Defendant ASSET then revealed to the Better Business Bureau, in writing, confidential details about the alleged debt.

57. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor,

**COMPLAINT FOR DAMAGES**            PAGE 10

1  the attorney of the creditor, or the attorney of the debt collector. This
2  communication to this third party was not provided for in 15 U.S.C. § 1692b.
3  This action by Defendants violated 15 U.S.C. § 1692c(b), and because this
4  communication did not comply with certain provisions of the FDCPA,
5  including, but not limited to 15 U.S.C. § 1692c(b), and, consequently, this
6  communication also violated Cal. Civ. Code § 1788.17.

58. In written correspondence to the Better Business Bureau, Defendant ASSET, falsely stated to the Better Business Bureau that Plaintiff Ann Marie had used her son's credit card. In this same correspondence, Defendant ASSET falsely stated that Plaintiff Ann Marie was doing this on as many as 15 other credit cards.

59. These statements were false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e, § e(10), and Cal. Civ. Code § 1788.17.

60. These statements were in violation of Cal. Civ. Code § 1788.10(c) and 15 U.S.C. § 1692d.

61. Because each and every Plaintiff was a senior citizens or disabled person as those terms are defined by Cal. Civ. Code § 3345, and one or more of the factors outlined in Cal. Civ. Code § 3345(b) exist here, Defendant ASSET and Defendant FINE are liable for three times any fine, civil penalty or other penalty that might be imposed on them and against each and every Plaintiff.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

- Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
- The foregoing acts and omissions constitute numerous and multiple

violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

- As a result of each and every violation of the FDCPA, and Cal. Civ. Code § 3345, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $3,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant ASSET and Defendant FINE, each of them.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

- Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
- The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
- As a result of each and every violation of the RFDCPA, and Cal. Civ. Code § 3345, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $3,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) against Defendant ASSET and Defendant FINE, each of them.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

- Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
- Defendant's actions were outrageous.
- Defendant's actions were intended to cause, or there was a substantial likelihood of those actions causing, Plaintiff harm.

- Defendant's conduct was so extreme that it goes beyond all possible bounds of decency.
- Plaintiff was harmed.
- Defendant's conduct was a substantial factor in causing Plaintiff's harm.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### AS TO DEFENDANT ASSET AND DEFENDANT FINE, EACH OF THEM

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- an award of statutory damages of $3,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### AS TO DEFENDANT ASSET AND DEFENDANT FINE, EACH OF THEM

- an award of actual damages pursuant to California Civil Code § 1788.30(a);
- an award of statutory damages of $3,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AS TO DEFENDANT ASSET AND DEFENDANT FINE, EACH OF THEM

- For an award of costs of litigation and reasonable attorney's fees;
- For an award of actual, compensatory and incidental damages in the amount

of fifty thousand dollars;

- For an award of punitive damages in an amount to be determined at trial;
- For any other relief that the court deems just and proper.

### TRIAL BY JURY

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 21, 2008

Respectfully submitted,
**HYDE & SWIGART**

By: *[signature]*
Robert L. Hyde, Esq.
Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Anne Marie Quinn and Steven Quinn

**DEFENDANTS**
Asset Management Company, a corporation, and Peter Fine, an individual

FILED
08 FEB 25 PM 4:11
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:           DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**: Riverside
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Robrt L. Hyde
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

'08 CV 0363 W RBB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA), Intentional Infliction of Emotional Distress.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 75000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 02/22/2008     SIGNATURE OF ATTORNEY OF RECORD

148055 #350
2/25/08

ORIGINAL

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 148055      - SH
        * * C O P Y * *
         February 25, 2008
             16:37:34


         Civ Fil Non-Pris
USAO #.: 08CV0363
Judge..: THOMAS J WHELAN
Amount.:                  $350.00 CK
Check#.: BC2307



        Total-> $350.00


FROM: QUINN V. ASSET MANAGEMENT CO
```